MANN, Judge.
When two people are trying to exclude the Internal Revenue Service from its lawful knowledge of their business it is difficult for state court judges to unravel some of their transactions. What is clear is that Morrison conveyed his home to Wiggins by warranty deed. Wiggins said he bought it. Morrison said that the transaction was a loan but because he was in tax trouble, Wiggins suggested an absolute conveyance to keep Internal Revenue from tying the property up.
Wiggins sued, after some years, in ejectment. Morrison answered, pleading that the transaction was a loan which had been repaid, but did not counterclaim for a judgment settling the issues of title and payment. The pleadings and proceedings at trial are too casual for sound appellate review. The trial judge’s finding that the deed was intended by both as a mortgage and not a deed is supported by the evidence. His finding that the mortgage was paid off is supported only by Morrison's statement, “I paid the mortgage off” and some inconclusive talk about who owed whom what. This is insufficient. Meres v. Clayton, 1929, 97 Fla. 329, 120 So. 766. Cf. First National Bank and Trust Co. of Eustis v. Boyd, Fla.App.1960, 124 So.2d 27.
Affirmed in part, reversed in part and remanded for entry of judgment for defendant in the ejectment action. Prior to entry of such judgment the parties shall be given leave to amend their pleadings so that the issues relating to a foreclosure of the mortgage, raised informally, may be fully tried in the same cause. In such an event the judgment entered shall be a partial final summary judgment. See F.R.C. P. 1.170(f), 1.190, 30 F.S.A.
LILES, A. C. J., and McNULTY, J., concur.